Curia, per

Frost, J.
It is necessary to add, in explanation of the case stated in the brief, that the judgment of Drafts ahd *512 others against Meetze, is prior to the judgment of Townsend, Arnold & Co. and was confessed on a bond of Meetze to Drafts and others, sureties of Meetze on his official bond, as Commissioner in Equity for Lexington district, to indemnify them against any liability which they might incur.
The case is that of a junior judgment creditor contesting the validity of a senior judgment, or the amount actually due on it. The practice in such cases is, that on sufficient affidavits and cause shewn, a rule is granted against the plaintiff in the senior judgment to shew cause, at the succeeding term, why an issue should not be ordered to try the validity of the judgment in whole or in part; and if, on the return of the rule, no sufficient cause is shewn, an issue is ordered. Posey vs. Underwood, (1 Hill, 262). That course was pursued with an indemnity judgment. Bevins, Earle & Co. vs. Dunham, (1 Sp. 39). Whether in the case of an indemnity judgment, which establishes no actual certain debt, but is intended to protect against future liabilities, contingent and uncertain in amount, the plaintiff in such judgment should not be made the actor in the issue and required to prove the amount he may claim under the judgment, it is not material in this case to determine.
The proposed rule is contrary to the practice of the Court. It calls on the sureties to shew cause why their judgment should not be vacated, except for the amounts for which they have actually been made liable; and to discover, on oath, what defalcations in office have been made by Meetze ; and what sums they have paid in consequence thereof. An issue is not demanded. A discovery, on oath, of matters material to such an issue, is required of the sureties. By the common law, a party litigant is not permitted and cannot be compelled to testify in an issue on which final judgment is to be rendered on the subject of the litigation. When a discovery on oath of one of the parties may be demanded, it can only be enforced in the Court of Equity. What effect is to be given to the return of the sureties to the rule ? Shall it be received as conclusive evidence against Townsend, Arnold & Co. of the amount payable to the sureties *513 under the judgment ? Shall it he received only as preliminary to a motion for an issue, in which the return may he used as evidence against the sureties? And if so used as evidence, shall the eifect of an answer to a hill for discovery be given to it ? Even if Townsend, Arnold & Co. are willing to accept the return as conclusive evidence in behalf of the sureties, they cannot be compelled to testify; and a fortiori, if their return is required as evidence against them. Besides, the sureties have no power to compel Meetze to disclose his defalcations, and they should not, therefore, be restricted, under their judgment, to indemnity for the amount of those defalcations only of which they may happen to be informed. The proposed rule is an informal bill for discovery, substantially defective in that Meetze is not a party, and incompatible with the practice and course of judicature in this Court. Even though it were true, contrary to what has been suggested, that Townsend, Arnold & Co. can have no relief in this Court, by any other course than that proposed by the rule, yet that is not a sufficient reason to grant it.
The motion is refused.
Evans, Withees and WhitneR, JJ., concurred.

Motion refused.